# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5371 | **DATE** | 9/28/2010 |
| **CASE TITLE** | USA vs. Abiodun Idowu | | |

**DOCKET ENTRY TEXT**

Written Opinion. Abiodun Idowu pleaded guilty to conspiracy to import heroin and was sentenced to 121 months in prison. The sentence was affirmed on appeal after his attorneys filed an *Anders* motion. *United States v. Idowu*, 299 Fed. Appx. 584 (7th Cir. 2008). Idowu now seeks relief pursuant to 28 U.S.C. § 2255. Mr. Idowu's request for an evidentiary hearing is denied, and his § 2255 petition is dismissed. (For further details see minute order.)

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Mail AO 450 form.

## STATEMENT

Abiodun Idowu pleaded guilty to conspiracy to import heroin and was sentenced to 121 months in prison. The sentence was affirmed on appeal after his attorneys filed an *Anders* motion. *United States v. Idowu*, 299 Fed. Appx. 584 (7th Cir. 2008).

Idowu now seeks relief pursuant to 28 U.S.C. § 2255. He claimed he was beaten, tortured and drugged by federal agents before entering his plea. In an order dated June 8, 2010, the court noted that those allegations are plainly inconsistent with the statements Idowu made under oath at his plea colloquy, and with his purported acceptance of responsibility at sentencing. The court nevertheless gave Mr. Idowu an opportunity to amplify his vague allegations of torture.

Idowu has responded to this order with an amended affidavit in which he states generally that he was arrested at Midway Airport by "12 to 14 DEA Agents" who handcuffed him, pushed and beat him, and interrogated him about the drug transaction. Two agents that Idowu describes only as "one slim guy and one big guy" allegedly told him that if he failed to cooperate, he would "die in jail and also loose [sic] my family." After two and a half hours at the airport, Idowu claims he was taken to the police station, kept overnight, and given "some drugs to use." After using these drugs, Idowu claims, "I cannot even remember what happened to me the past days or what was going on with me."

If Idowu's account is accurate, the agents' conduct in arresting him is disappointing and improper. The court nevertheless concludes, however, that Mr. Idowu is not entitled to an evidentiary hearing on his § 2255 petition. Idowu was arrested in March 2007. More than six months later, on November 1, 2007, Idowu appeared before this court and stated under oath that he was in "good shape" physically and had not taken any medicine or drugs within the previous twenty-four hours. He also confirmed that he had had the assistance of counsel. Finally, after the prosecutor summarized the government's evidence, Idowu

acknowledged the prosecutor's account was true and explained in his own words that he had attempted to make a "connection" with his co-defendant, whom he understood was bringing heroin into the United States. At sentencing several months later, Idowu again acknowledged that he intentionally cooperated in a plan to import heroin. And, although he described his concerns regarding his immigration status, he said nothing about the abuse he claims now to have suffered at the time of his arrest. Nor has he provided evidence that any alleged torture interfered with his ability to tell the truth at the time of his plea colloquy.

Whatever may have happened at the time of Idowu's arrest, nothing about his affidavit satisfies the court that his guilty plea was tainted by it. Mr. Idowu's request for an evidentiary hearing is denied, and his § 2255 petition is dismissed.